# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |
|---|---|
| **ERIKA ARNOLD, DEBRA TRAWICK, TRACEE GOODMAN, AND CHRISTINE MUCHENE,** | |
| *Plaintiffs*, | **CIVIL ACTION NO. 1:10-CV-02375-RLV-JFK** |
| v. | |
| **ACCORD SERVICES, LLC, STEVEN A. ADAMS AND KATAYOUN ("KATHY") ADAMS,** | |
| *Defendants.* | |

## ANSWER AND GROUNDS OF DEFENSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Accord Services, LLC, Steven A. Adams and Katayoun ("Kathy") Adams (collectively, "Defendants") hereby answers the allegations of Plaintiffs Erika Arnold, Debra Trawick, Tracee Goodman, and Christine Muchene (collectively, "Plaintiffs") Amended Complaint as follows:

To the extent that the introductory sentence that appears before Paragraph 1 of the Amended Complaint forms part of the allegations of Plaintiffs' causes of action against Defendants and therefore requires a response, Defendants state that they lack sufficient knowledge and information to admit or deny the allegations regarding Plaintiffs' purpose in filing the amended complaint in the first sentence

of the Paragraph.  These allegations are therefore denied.  Defendants are likewise without sufficient knowledge, information or belief to admit or deny  the allegations regarding Plaintiff Muchene's Right to Sue letter in the second and third sentences of the Paragraph.  These allegations are therefore denied.

## INTRODUCTION

1.     Paragraph 1 contains a legal argument that does not require a response.  To the extent that a response is required, the allegations are denied.

2.     Defendants admit that Accord Services LLC is a staffing company that hires nurses and nurse aides to work in private homes, but denies the remainder of the allegations of Paragraph 2.

3.     Defendants admit the first sentence of Paragraph 3, but deny the remainder of the allegations of Paragraph 3.

4.     Defendants deny the allegations of Paragraph 4.

5.     Defendants deny the allegations of Paragraph 5.

6.     Defendants deny the allegations of Paragraph 6.

## JURISDICTION AND VENUE

7.     Defendants admit the allegations of Paragraph 7.

8.     Defendants admit the allegations of Paragraph 8.

## PARTIES

9.      Defendants are without sufficient knowledge, information or belief to admit or deny the allegations of Paragraph 9.   These allegations are therefore denied.

10.      Defendants are without sufficient knowledge, information or belief to admit or deny the allegations of Paragraph 10.   These allegations are therefore denied.

11.      Defendants are without sufficient knowledge, information or belief to admit or deny the allegations of Paragraph 11.   These allegations are therefore denied.

12.      Defendants are without sufficient knowledge, information or belief to admit or deny the allegations of Paragraph 12.   These allegations are therefore denied.

13.      Defendants admit the allegations of Paragraph 13.

14.      Defendants admit the allegations of Paragraph 14 that is has employed 15 persons for each working day in each of 20 calendar weeks in the current or preceding calendar year, but avers that the remainder of Paragraph 14 is a legal argument for which a response is not required; to the extent a response is required, these allegations are denied.

15.     Paragraph 15 is a legal argument that does not require a response.  To the extent a response is required, the allegations of this Paragraph are denied.

16.     Defendants admit the allegations of Paragraph 16 that is has employed 20 persons for each working day in each of 20 calendar weeks in the current or preceding calendar year, but avers that the remainder of Paragraph 14 is a legal argument for which a response is not required; to the extent a response is required, these allegations are denied.

17.     Defendants deny the allegations of Paragraph 17.

18.     Defendants admit the allegations of Paragraph 18.

19.     Defendants admit the  allegations of Paragraph 19.

20.     Defendants admit the allegations of Paragraph 20.

## ADMINISTRATIVE PROCEEDINGS

21.     Defendants are without sufficient knowledge, information or belief to admit or deny the allegations of Paragraph 21.  These allegations are therefore denied.

22.     Defendants are without sufficient knowledge, information or belief to admit or deny the allegations of Paragraph 22.  These allegations are therefore denied.

23.     Defendants are without sufficient knowledge, information or belief to admit or deny the allegations of Paragraph 23.   These allegations are therefore denied.

## STATEMENT OF FACTS

24.     Defendants admits the allegations of Paragraph 24.

25.     Defendants admit the allegations of Paragraph 25.

26.     Defendants admit the allegations of Paragraph 26.

27.     Defendants deny the allegations of Paragraph 27.

28.     Defendants deny the allegations of Paragraph 28.

29.     Defendants deny the allegations of Paragraph 29.

30.     Defendants deny the allegations of Paragraph 30.

31.     Defendants deny the allegations of Paragraph 31.

32.     With respect to Paragraph 32, Defendants admit that they previously required applicants to identify themselves by race on their employment application, but deny that it is evidence of any discriminatory policy.

33.     Defendants deny the allegations of Paragraph 33.

34.     Defendants deny the allegations of Paragraph 34.

## ERIKA ARNOLD

35.     Defendants admit the allegations of Paragraph 35.

36.     Defendants deny the allegations of Paragraph 36.

37.    Defendants deny the allegations of Paragraph 37.

38.    Defendants deny the allegations of Paragraph 38.

39.    Defendants admit the allegations of Paragraph 39.

40.    Defendants deny the allegations of Paragraph 40.

41.    Defendants deny the allegations of Paragraph 41.

42.    Defendants deny the allegations of Paragraph 42.

43.    Defendants admit that Ms. Arnold did not attend staff meetings, but deny the remainder of the allegations of Paragraph 43.

44.    Defendants deny the allegations of Paragraph 44.

45.    Defendants admit that Kathy Adams was present at the daily staff meetings, but denies the remainder of the allegations of Paragraph 45.

46.    Defendants are without sufficient knowledge, information or belief to admit or deny the first sentence of Paragraph 46.  These allegations are therefore denied. Defendants deny the remaining allegations of Paragraph 46.

47.     Defendants deny the allegations of Paragraph 47.

48.    Defendants deny the allegations of Paragraph 48.

49.    Defendants are without sufficient knowledge, information or belief to admit or deny the first sentence of Paragraph 49.  These allegations are therefore denied.  Defendants deny the remaining allegations of Paragraph 49.

50.     Defendants admit that Accord's employment application previously required applicants to identify their race, but deny the remaining allegations of Paragraph 50.

51.     Defendants deny the allegations of Paragraph 51.

52.     Defendants deny the allegations of Paragraph 52.

53.     Defendants deny the allegations of Paragraph 53.

54.     Defendants deny the allegations of Paragraph 54.

55.     Defendants deny the allegations of Paragraph 55.

56.     Defendants deny the allegations of Paragraph 56.

57.     Defendants deny the allegations of Paragraph 57.

58.     Because the allegation is vague, Defendants are without sufficient knowledge, information or belief to admit or deny the first sentence of Paragraph 58.  The allegation is therefore denied.  Defendants deny the remaining allegations of Paragraph 58.

59.     Defendants deny the allegation in the first sentence of Paragraph 59. Defendants are without sufficient knowledge, information or belief to admit or deny the remaining allegations of Paragraph 59.  These allegations are therefore denied.

60.     Defendants deny the allegations of Paragraph 60.

61.     Defendants deny the allegations of Paragraph 61.

62.    Defendants deny the allegations of Paragraph 62.

63.    Defendants deny the allegations of Paragraph 63.

64.    Defendants deny the allegations of Paragraph 64.

65.    Defendants deny the allegations of Paragraph 65.

66.    Defendants deny the allegations of Paragraph 66.

67.    Defendants deny the allegations of Paragraph 67.

68.    Defendants deny the allegations of Paragraph 68.

69.    Defendants deny the allegations of Paragraph 69.

70.    Defendants are without sufficient knowledge, information or belief to admit or deny the first sentence of Paragraph 70.  These allegations are therefore denied.  Defendants deny the remaining allegations of Paragraph 70.

71.     Defendants deny the allegations of Paragraph 71.

72.    Defendants are without sufficient knowledge, information or belief to admit or deny the first four sentences of Paragraph 72.  The allegation is therefore denied.  Defendants deny the remaining allegations of Paragraph 72.

73.    Defendants deny the allegations of Paragraph 73.

74.    Defendants deny the allegations of Paragraph 74.

75.    Defendants deny the allegations of Paragraph 75.

76.    Defendants deny the allegations of Paragraph 76.

77.    Defendants admit that Mr. Allen is African American, but deny the remaining allegations of Paragraph 77.

78.    Defendants deny the allegations of Paragraph 78.

79.    Defendants deny the allegations of Paragraph 79.

80.    Defendants deny the allegations of Paragraph 80.

81.    Defendants deny the allegations of Paragraph 81.

82.    Defendants deny the allegations of Paragraph 82.

83.    Defendants deny the allegations of Paragraph 83.

84.    Defendants deny the allegations of Paragraph 84.

85.    Defendants deny the allegations of Paragraph 85.

86.    Defendants deny the allegations of Paragraph 86.

87.    Defendants deny the allegations of Paragraph 87.

88.    Defendants deny the allegations of Paragraph 88.

89.    Defendants deny the allegations of Paragraph 89.

90.    Defendants deny the allegations of Paragraph 90.

91.    Defendants deny the allegations of Paragraph 91.

92.    Defendants deny the allegations of Paragraph 92.

93.    Defendants deny the allegations of Paragraph 93.

94.    Defendants deny the allegations of Paragraph 94.

95.    Defendants deny the allegations of Paragraph 95.

96.     Defendants admit that they had a meeting in which they accused Ms. Arnold of failing to follow a company policy, but deny the remaining allegations of Paragraph 96.

97.     Defendants deny the allegations of Paragraph 97.

98.     Defendants deny the allegations of Paragraph 98.

99.     Defendants deny the allegations of Paragraph 99.

100.    Defendants deny the allegations of Paragraph 100.

101.    Defendants deny the allegations of Paragraph 101.

102.    Defendants admit the allegations of Paragraph 102, but deny that they did not tell Ms. Arnold what position she would be if she accepted the demotion.

103.    Defendants admit the allegations of Paragraph 103, but deny that it was an "unidentified position."

104.    Defendants admit the allegations of Paragraph 104.

105.    Defendants admit the allegations of Paragraph 105.

106.    Defendants admit that Ms. Arnold was not provided with a Department of Labor separation notice, but deny the remaining allegations of Paragraph 106.

107.    Defendants deny the allegations of Paragraph 107.

108.    Defendants admit that it replaced Ms. Arnold with a Caucasian and that she was paid a higher salary.  The remaining allegations of Paragraph 108 are

subjective statements of opinion that are not required to be admitted or denied.  To the extent that anything in Paragraph 108 is construed as a factual allegation of liability on Defendants part, the allegation is denied.  Except as expressly admitted, all remaining allegations of Paragraph 108 are denied.

109.   Defendants deny the allegations of Paragraph 109.

110.   Paragraph 110 is a legal argument that does not require a response. To the extent that anything in Paragraph 110 is construed as a factual allegation of liability on Defendants part, the allegation is denied.

111.   Paragraph 111 is a legal argument that does not require a response. To the extent that anything in Paragraph 111 is construed as a factual allegation of liability on Defendants part, the allegation is denied.

112.   Paragraph 112 is a legal argument that does not require a response. To the extent that anything in Paragraph 112 is construed as a factual allegation of liability on Defendants part, the allegation is denied.

## **TRACEE GOODMAN**

113.   Defendants admit the allegations of Paragraph 113.

114.   Defendants admit that Ms. Goodman had HR responsibilities when she began her employment at Accord Services, but deny the remaining allegations of Paragraph 114.

115.    Defendants admit that Ms. Goodman had HR responsibilities when she began her employment at Accord Services, but deny the remaining allegations of Paragraph 115.

116.    Defendants deny the allegations of Paragraph 116.

117.    Defendants deny the allegations of Paragraph 117.

118.    Defendants deny the allegations of Paragraph 118.

119.    Defendants admit that allegations of Paragraph 119.

120.    Defendants deny the allegations of Paragraph 120.

121.    Defendants deny the allegations of Paragraph 121.

122.    Defendants deny the allegations of Paragraph 122.

123.    Defendants deny the allegations of Paragraph 123.

124.    Defendants deny the allegations of Paragraph 124.

125.    Defendants deny the allegations of Paragraph 125.

126.    Defendants deny the allegations of Paragraph 126.

127.    Defendants deny the allegations of Paragraph 127.

128.    Defendants deny the allegations of Paragraph 128.

129.    Defendants deny the allegations of Paragraph 129.

130.    Defendants deny the allegations of Paragraph 130.

131.    Defendants deny the allegations of Paragraph 131.

132.    Defendants deny the allegations of Paragraph 132.

133.   Defendants deny the allegations of Paragraph 133.

134.   Defendants deny the allegations of Paragraph 134.

135.   Defendants deny the allegations of Paragraph 135.

136.   Defendants deny the allegations of Paragraph 136.

137.   Defendants deny the allegations of Paragraph 137.

138.   Defendants admit that Hispanic applicants often brought translators with them or an Accord Services staff member would translate, but denies the remaining allegations of Paragraph 138.

139.   Defendants deny the allegations of Paragraph 139.

140.   Defendants deny the allegations of Paragraph 140.

141.   Defendants deny the allegations of Paragraph 141.

142.   Defendants deny the allegations of Paragraph 142.

143.   Defendants deny the allegations of Paragraph 143.

144.   Defendants deny the allegations of Paragraph 144.

145.   Defendants deny the allegations of Paragraph 145.

146.   Defendants deny the allegations of Paragraph 146.

147.   Defendants deny the allegations of Paragraph 147.

148.   Defendants deny the allegations of Paragraph 148.

149.   Defendants deny the allegations of Paragraph 149.

150.   Defendants deny the allegations of Paragraph 150.

151.   Defendants admit that that Ms. Goodman worked full time in accounts receivable and that she no longer had HR responsibilities, but denies the remaining allegations of Paragraph 151.

152.   Defendants admit that Ms. Strugeon was Caucasian and was paid a higher salary than Ms. Goodman, but denies the remaining allegations of Paragraph 152.

153.   Defendants deny the allegations of Paragraph 153.

154.   Defendants deny the allegations of Paragraph 154.

155.   Defendants deny the allegations of Paragraph 155.

156.   Defendants deny the allegations of Paragraph 156.

157.   Defendants deny the allegations of Paragraph 157.

158.   Defendants deny the allegations of Paragraph 158.

159.   Defendants deny the allegations of Paragraph 159.

160.   Defendants deny the allegations of Paragraph 160.

161.   Defendants deny the allegations of Paragraph 161.

162.   Defendants deny the allegations of Paragraph 162.

163.   Defendants deny the allegations of Paragraph 163.

164.   Paragraph 164 is a legal argument that does not require a response. To the extent that anything in Paragraph 164 is construed as a factual allegation of liability on Defendants part, the allegation is denied.

165.    Defendants deny the allegations of Paragraph 165.

166.    Defendants deny the allegations of Paragraph 166.

167.    Defendants are not required to provide a response to the allegations of Paragraph 167 because they have been stricken from the Amended Complaint by Court order.

168.    Defendants are not required to provide a response to the allegations of Paragraph 168 because they have been stricken from the Amended Complaint by Court order.

169.    Defendants deny the allegations of Paragraph 169.

170.    Defendants deny the allegations of Paragraph 170.

171.    Defendants admit the allegations of Paragraph 171, but aver that the word "professional" is a subjective statement of opinion that is not required to be admitted or denied, as is therefore denied.

172.    Defendants deny the allegations of Paragraph 172.

173.    Defendants deny the allegations of Paragraph 173.

174.    Defendants deny the allegations of Paragraph 174.

175.    Defendants admit that Ms. Goodman did not complete her notice period and that a voice mail was left with her, but deny the remaining allegations of Paragraph 175.

176.    Defendants deny the allegations of Paragraph 176.

177.   Paragraph 177 is a legal argument that does not require a response. To the extent that anything in Paragraph 177 is construed as a factual allegation of liability on Defendants part, the allegation is denied.

## DEBRA TRAWICK

178.   Defendants admit the first two sentences of Paragraph 178, but is without sufficient knowledge, information or belief to admit or deny the remaining allegations of Paragraph 178.  These allegations are therefore denied.

179.   Defendants admit the allegation of Paragraph 179.

180.   Defendants admit the allegations of Paragraph 180.

181.   Plaintiff, Debra Trawick's hostile work environment claim was dismissed by order of this Court, dated March 28, 2011. Defendants are therefore not required to provide a response to this allegation.  To the extent a response is required, Defendants deny the allegations of Paragraph 181.

182.   Plaintiff, Debra Trawick's hostile work environment claim was dismissed by order of this Court, dated March 28, 2011. Defendants are therefore not required to provide a response to this allegation.  To the extent a response is required, Defendants deny the allegations of Paragraph 182.

183.   Plaintiff, Debra Trawick's hostile work environment claim was dismissed by order of this Court, dated March 28, 2011. Defendants are therefore

not required to provide a response to this allegation.  To the extent a response is required, Defendants deny the allegations of Paragraph 183.

184.   Plaintiff, Debra Trawick's hostile work environment claim was dismissed by order of this Court, dated March 28, 2011. Defendants are therefore not required to provide a response to this allegation.  To the extent a response is required, Defendants deny the allegations of Paragraph 184.

185.   Plaintiff, Debra Trawick's hostile work environment claim was dismissed by order of this Court, dated March 28, 2011. Defendants are therefore not required to provide a response to this allegation.  To the extent a response is required, Defendants deny the allegations of Paragraph 185.

186.   Defendants deny the allegations of Paragraph 186.

187.   Defendants deny the allegations of Paragraph 187.

188.   Defendants deny the allegations of Paragraph 188.

189.   Defendants deny the allegations of Paragraph 189.

190.   Defendants deny the allegations of Paragraph 190.

191.   Defendants deny the allegations of Paragraph 191.

192.   Plaintiff, Debra Trawick's hostile work environment claim was dismissed by order of this Court, dated March 28, 2011. Defendants are therefore not required to provide a response to this allegation.  To the extent a response is required, Defendants deny the allegations of Paragraph 192.

193. Plaintiff, Debra Trawick's hostile work environment claim was dismissed by order of this Court, dated March 28, 2011. Defendants are therefore not required to provide a response to this allegation. To the extent a response is required, Defendants deny the allegations of Paragraph 193.

194. Plaintiff, Debra Trawick's hostile work environment claim was dismissed by order of this Court, dated March 28, 2011. Defendants are therefore not required to provide a response to this allegation. To the extent a response is required, Defendants deny the allegations of Paragraph 194.

195. Plaintiff, Debra Trawick's hostile work environment claim was dismissed by order of this Court, dated March 28, 2011. Defendants are therefore not required to provide a response to this allegation. To the extent a response is required, Defendants admit that Ms. Trawick's teenage son came by the office one day, but deny the remaining allegations of Paragraph 195.

196. Plaintiff, Debra Trawick's hostile work environment claim was dismissed by order of this Court, dated March 28, 2011. Defendants are therefore not required to provide a response to this allegation. To the extent a response is required, Defendants deny the allegations of Paragraph 196.

197. Plaintiff, Debra Trawick's hostile work environment claim was dismissed by order of this Court, dated March 28, 2011. Defendants are therefore

not required to provide a response to this allegation.  To the extent a response is required, Defendants deny the allegations of Paragraph 197.

198.   Defendants are not required to provide a response to the allegations of Paragraph 198 because they have been stricken from the Amended Complaint by Court order.

199.   Defendants deny the allegations of Paragraph 199.

200.   Defendants deny the allegations of Paragraph 200.

201.   Defendants deny the allegations of Paragraph 201.

202.   Defendants deny the allegations of Paragraph 202.

203.   Defendants admit, that at one time, Ms. Trawick was given a written schedule, but denies the remaining allegations of Paragraph 203.

204.   Defendants deny the allegations of Paragraph 204.

205.   Defendants deny the allegations of Paragraph 205.

206.   Defendants deny the allegations of Paragraph 206.

207.   Defendants deny the allegations of Paragraph 207.

208.   Defendants deny the allegations of Paragraph 208.

209.   Defendants deny the allegations of Paragraph 209.

210.   Defendants admit the first sentence of Paragraph 210, but deny the remaining allegations of Paragraph 210.

211.   Plaintiff, Debra Trawick's hostile work environment claim was dismissed by order of this Court, dated March 28, 2011. Further, Paragraph 211 is a legal argument that does not require a response.   Defendants are therefore not required to provide a response to this allegation.   To the extent a response is required, Defendants deny the allegations of Paragraph 211.

212.   Paragraph 212 is a legal argument that does not require a response. To the extent that anything in Paragraph 212 is construed as a factual allegation of liability on Defendants part, the allegation is denied.

### CHRISTINE MUCHENE

213.   Defendants are without sufficient knowledge, information or belief to admit or deny the allegations of the first and third sentences of Paragraph 213; these allegations are therefore denied.   Defendants admit that Ms. Muchene's race is black.

214.   Defendants are without sufficient knowledge, information or belief to admit or deny the allegations of Paragraph 214.   These allegations are therefore denied.

215.   Defendants are without sufficient knowledge, information or belief to admit or deny the allegations of Paragraph 215.   These allegations are therefore denied.

216.   Defendants are without sufficient knowledge, information or belief to admit or deny the allegations of Paragraph 216.  These allegations are therefore denied.

217.   Defendants are without sufficient knowledge, information or belief to admit or deny the allegations of Paragraph 217.  These allegations are therefore denied.

218.   Defendants deny the allegations of Paragraph 218.

219.   Defendants admit that Ms. Muchene provided Accord Services with her Georgia Nurse Aide Registry certification card, CPR Certification, and First Aid (FA) card, but denies the remaining allegations of Paragraph 219.

220.   Defendants are without sufficient knowledge, information or belief to admit or deny the allegations in the first sentence of Paragraph 220.   These allegations are therefore denied. Defendants deny the allegations of the second sentence of Paragraph 220.  Defendants admit the allegations in the third sentence of Paragraph 220.

221.   Defendants are without sufficient knowledge, information or belief to admit or deny the allegations of Paragraph 221.  These allegations are therefore denied.

222.   Defendants are without sufficient knowledge, information or belief to admit or deny the allegations of Paragraph 222.  These allegations are therefore denied.

223.   Defendants are without sufficient knowledge, information or belief to admit or deny the allegations of Paragraph 223.  These allegations are therefore denied.

224.   Defendants are without sufficient knowledge, information or belief to admit or deny the allegations of Paragraph 224.  These allegations are therefore denied.

225.   Defendants are without sufficient knowledge, information or belief to admit or deny the allegations of Paragraph 225.  These allegations are therefore denied.

226.   Defendants are without sufficient knowledge, information or belief to admit or deny the allegations of Paragraph 226.  These allegations are therefore denied.

227.   Defendants are without sufficient knowledge, information or belief to admit or deny the allegations of Paragraph 227.  These allegations are therefore denied.

228.   Defendants are without sufficient knowledge, information or belief to admit or deny the allegations of Paragraph 228.  These allegations are therefore denied.

229.   Defendants admit the allegations of Paragraph 229.

230.   Defendants are without sufficient knowledge, information or belief to admit or deny the allegations of Paragraph 230.  These allegations are therefore denied.

231.   Defendants are without sufficient knowledge, information or belief to admit or deny the allegations of Paragraph 231.  These allegations are therefore denied.

232.   Defendants are without sufficient knowledge, information or belief to admit or deny the allegations of Paragraph 232.  These allegations are therefore denied.

233.   Defendants are without sufficient knowledge, information or belief to admit or deny the allegations of Paragraph 233.  These allegations are therefore denied.

234.   Defendants are without sufficient knowledge, information or belief to admit or deny the allegations of Paragraph 234.  These allegations are therefore denied.

235.   Defendants deny the allegations of Paragraph 235.

236.   Defendants deny the allegations of Paragraph 236.

237.   Defendants are without sufficient knowledge, information or belief to admit or deny the allegations of Paragraph 237.   These allegations are therefore denied.

238.   Defendants deny the allegations of Paragraph 238.

239.   Defendants admit that they had new clients in July-August 2009, but deny the remaining allegations of Paragraph 239.

240.   Defendants deny the allegations of Paragraph 240.

241.   Defendants deny the allegations of Paragraph 241.

242.   Defendants deny the allegations of Paragraph 242.

243.   Defendants deny the allegations of Paragraph 243.

244.   Defendants deny the allegations of Paragraph 244.

245.   Defendants deny the allegations of Paragraph 245.

246.   Defendants deny the allegations of Paragraph 246.

247.   Defendants deny the allegations of Paragraph 247.

248.   Defendants deny the allegations of Paragraph 248.

249.   Defendants deny the allegations of Paragraph 249.

250.   Defendants admit that they have not offered Ms. Muchene placement for work as a nurse aid, but deny the remaining allegations of Paragraph 250.

251.   Paragraph 251 is a legal argument that does not require a response. To the extent that anything in Paragraph 251 is construed as a factual allegation of liability on Defendants part, the allegation is denied.

## COUNT ONE

## <u>DISCRIMINATION IN VIOLATION OF § 1981</u>

252.   With respect to the allegations in Paragraph 252, Defendants restate each and every answer in the preceding paragraphs as if fully set forth herein.

253.   Defendants deny the allegations of Paragraph 253.

254.   Defendants deny the allegations of Paragraph 254.

255.   Defendants deny the allegations of Paragraph 255.

256.   Defendants deny the allegations of Paragraph 256.

## COUNT TWO

## <u>HOSTILE WORK ENVIRONMENT IN VIOLATION OF § 1981</u>

257.   With respect to the allegations in Paragraph 257, Defendants restate each and every answer in the preceding paragraphs as if fully set forth herein.

258.   Defendants deny the allegations of Paragraph 258.

259.   Plaintiff, Debra Trawick's hostile work environment claim was dismissed by order of this Court, dated March 28, 2011. Defendants are therefore not required to provide a response to this allegation.  To the extent that a response is required, Defendants deny the allegations of Paragraph 259.

260.   Plaintiff, Debra Trawick's hostile work environment claim was dismissed by order of this Court, dated March 28, 2011. Defendants are therefore not required to provide a response to this allegation.  To the extent that aa response is required, Defendants deny the of Paragraph 260.

## COUNT THREE

## RETALIATION IN VIOLATION OF § 1981

261.   With respect to the allegations in Paragraph 261, Defendants restate each and every answer in the preceding paragraphs as if fully set forth herein.

262.   Defendants deny the allegations of Paragraph 262.

263.   Defendants deny the allegations of Paragraph 263.

264.   Defendants deny the allegations of Paragraph 264.

265.   Defendants deny the allegations of Paragraph 265.

## COUNT FOUR

## ADEA – AGE DISCRIMINATION

266.   With respect to the allegations in Paragraph 266, Defendants restate each and every answer in the preceding paragraphs as if fully set forth herein.

267.   Defendants deny the allegations of Paragraph 267.

268.   Defendants deny the allegations of Paragraph 268.

## COUNT FIVE

## <u>TITLE VII – RACE DISCRIMINATION</u>

269.   With respect to the allegations in Paragraph 269, Defendants restate each and every answer in the preceding paragraphs as if fully set forth herein.

270.   Defendants deny the allegations of Paragraph 270.

271.   Defendants deny the allegations of Paragraph 271.

272.   Defendants deny the allegations of Paragraph 272.

273.   Defendants deny the allegations of Paragraph 273.

## COUNT SIX

## <u>TITLE VII – NATIONAL ORIGIN DISCRIMINATION</u>

274.   With respect to the allegations in Paragraph 274, Defendants restate each and every answer in the preceding paragraphs as if fully set forth herein.

275.   Defendants deny the allegations of Paragraph 275.

276.   Defendants deny the allegations of Paragraph 276.

277.   Defendants deny the allegations of Paragraph 277.

278.   Defendants deny the allegations of Paragraph 278.


## <u>PRAYER FOR RELIEF</u>

279.   All allegations in Plaintiffs' Amended Complaint not specifically heretofore admitted or denied are hereby denied.

280.   Defendants deny that Plaintiffs are entitled to any relief, including any relief as requested in Plaintiff's Prayer For Relief.

## AFFIRMATIVE AND OTHER DEFENSES

In further answer to the Amended Complaint, Defendants state the following affirmative and other defenses;

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

The Amended Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Good faith)**

All actions taken by the Defendants with respect to the Plaintiffs were made in good faith and for legitimate, non-discriminatory and non-retaliatory business reasons.

### THIRD AFFIRMATIVE DEFENSE

**(No bad faith or malice)**

Defendants did not act with bad faith, evil motive, willfulness, malice or reckless indifferent toward Plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE

**(Failure to Utilize Complaint Procedures)**

Defendants exercised reasonable care to prevent and promptly correct alleged harassing behavior and the claims of plaintiffs are barred to the extent they unreasonably failed to take advantage of Defendants preventative and corrective opportunities, including but not limited to internal complaint procedures, or avoid harm otherwise

## FIFTH AFFIRMATIVE DEFENSE

### (Joinder)

Defendants allege that this case is inappropriate as a collective action under Fed. R. Civ. P. 20(a) because the claims do not arise out of the same transaction, occurrence, or series of transactions, there are no questions of law or fact common to all plaintiffs, and there will be significant prejudice to Defendants in litigating this case as a collective action.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Defendants believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Amended Complaint and each cause of action set forth therein, or some of them, are barred by the equitable doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver, Laches, Estoppel)

Plaintiffs' claims are barred by the doctrine of waiver, laches, and/or estoppels.

## EIGHTH AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

Plaintiffs have failed to mitigate their alleged damages.

## NINTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Defendants assert that the Amended Complaint and each cause of action set forth therein, or some of them, are barred because, to the extent the Plaintiffs seek to recover equitable relief, Plaintiffs are not entitled to such relief because they have an adequate remedy at law.

## TENTH AFFIRMATIVE DEFENSE

### (Offset/Set Off)

Plaintiffs' recovery, if any, is precluded in whole or in part to avoid double recovery for the allegations made in the Amended Complaint and Defendant is entitled to an offset for any monies received by Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Limitation on Recovery)

To the extent that Plaintiffs are awarded damages, such damages should be reduced by any unemployment compensation awards, disability payments, or other payments to Plaintiffs on account of the termination of their employment, as well as any compensation received by Plaintiffs following their employment by Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (*Prima Face Case*)

Plaintiffs claims are not actionable because Plaintiffs cannot establish a *prima facie* case of race, national origin, or age discrimination; nor can they establish a *prima facie* case of hostile work environment or retaliation.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Pretext)

Plaintiffs claims are not actionable because Plaintiffs because Plaintiffs cannot show that any reason offered by Defendants was in any way a pretext for purposeful, intentional and/or legally prohibited discrimination.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Hostile Work Environment)

Plaintiffs claims of hostile work environment are not actionable because they cannot establish that any harassment was based on their race and/or that any alleged harassment was sufficiently severe or pervasive to alter the conditions of their employment or to create an abusive atmosphere.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Adverse Employment Action)

Plaintiffs claims are not actionable to the extent that they complain about actions which are not adverse employment actions.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Protected Activity)

Plaintiffs claims are not actionable because to the extent that they did not engage in protected activity.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (After Acquired Evidence)

Some or all of Plaintiffs' claims and/or demands for relief are barred or are otherwise not actionable because of the after acquired evidence doctrine.

## NINTEENTH AFFIRMATIVE DEFENSE

### (Compensatory, Punitive and Liquidated Damages)

Plaintiffs' Amended Complaint, and each cause of action purportedly contained therein, fails to state facts sufficient to entitle Plaintiffs to an award of compensatory, punitive and/or liquidated damages.

## TWENTEETH AFFIRMATIVE DEFENSE

### (Attorneys' Fees)

The Amended Complaint and each purported cause of action alleged therein fail to state a cause of action for attorneys' fees against Defendants.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Release)

Plaintiffs' claims are barred to the extent they signed a release waiving such claims.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Release)

Plaintiffs' have filed claims that are wholly insubstantial, frivolous, and not advanced in good faith.  Accordingly, Defendants are entitled to costs, expenses, and interest.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Reservation of Rights)

Defendants reserve the right to assert additional affirmative and other defenses as they become known during the course of discovery.

## JURY DEMAND

Defendants hereby claim a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants pray as follows:

1.      For entry of judgment in favor of Defendants, and against Plaintiffs, on all claims;

2.      Dismissing the Amended Complaint with prejudice;

3.      That Defendants be awarded costs of suit herein;

4.      That Defendants be awarded actual attorneys' fees incurred in defending this suit; and

5.      For such other and further relief as this Court may deem just and

proper.

Dated: April 11, 2011.

Respectfully submitted,

_____s/  Thomas A. Cox, Jr._____
Thomas A. Cox (GA Bar # 192678)
Alexis Downs (GA Bar # 714224)
945 East Paces Ferry Road, Suite 2700
Atlanta, Georgia 30326-1380
Telephone:  (404) 869-5345
Facsimile:   (404) 923-9099

**ATTORNEYS FOR DEFENDANTS**

## <u>L.R. 5.1B CERTIFICATION OF COMPLIANCE</u>

The undersigned counsel certifies that the foregoing has been prepared in Times

New Roman, 14 point font, in compliance with Local Rule 5.1B.

      <u>     s/  Thomas A. Cox, Jr.     </u>

      Thomas A. Cox (GA Bar # 192678)
      Alexis Downs (GA Bar # 714224)
      945 East Paces Ferry Road, Suite 2700
      Atlanta, Georgia 30326-1380
      Telephone:  (404) 869-5345
      Facsimile:   (404) 923-9099

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that I have this 11th day of April 2011 electronically filed the

foregoing "*Answer and Grounds of Defense to Plaintiff's First Amended*

*Complaint*" with the Clerk of Court using the CM/ECF system which will

automatically send e-mail notification of such filing to the following counsel of

record in this action:

              Dena G. Georgia, Esq.
              Edward D. Buckley, Esq.
              John F. Beasley, Esq.
              Buckley & Klein, LLP
              1180 West Peachtree Street, Ste. 1100
              Atlanta, Georgia 30309

                          s/  Thomas A. Cox, Jr.
                        Thomas A. Cox, Jr.