## U.S. DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ERIKA ARNOLD, DEBRA TRAWICK, TRACEE GOODMAN, AND CHRISTINE MUCHENE, | |
| Plaintiffs, | CIVIL ACTION FILE NO.: 1:10-cv-02375-RLV-JFK |
| v. | |
| ACCORD SERVICES, LLC, STEVEN A. ADAMS AND KATAYOUN ("KATHY") ADAMS, | |
| Defendants. | |

## PLAINTIFFS' INITIAL DISCLOSURES

Plaintiffs file their Initial Disclosures as follows.

(1)     State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiffs' contentions as to what defendants did or failed to do, and a succinct statement of the legal issues in the case.

### Cause of action:

This is a civil rights action for money damages and equitable and declaratory relief brought pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964 as amended, and the ADEA.

**Brief factual outline:**

Accord Services LLC ("Accord" or "Accord Services") is a staffing company that hires nurses and nurse aides to work in private homes. Accord employs a policy of illegal discrimination in the hiring and placement of its home healthcare employees for the express purpose of accommodating the illegal preferences of its clients. Defendants openly discussed the race, age, and nationality of the nurses and nurse aides in relation to the preferences of Accord's clients. Defendants repeatedly refused to place nurses and nurse aides for the express purpose of accommodating the race, age, and national origin biases of Accord's clients. Defendants openly accommodated these illegal preferences. Defendants intentionally discriminated against black applicants and employees, including both African Americans and Africans, in favor of Caucasian and Hispanic applicants and employees. Defendants routinely declined to place nurses and nurse aides they described as "too black" or "too foreign" or "too old."

Defendants employed Tracee Goodman from on or about October 25, 2006 until December 2008; Erika Arnold from June 2007 until April 29, 2009; and Debra Trawick from on or about June 26, 2009 until August 21, 2009. Throughout this entire time period - October 2006 through August 2009 - Defendants intentionally employed a policy and practice of actively accommodating the illegal

hiring preferences of its clients, specifically as to race, age, and national origin.  As part and parcel of implementing this practice, Defendants openly discussed the specific illegal preferences of its clients and the characteristics (race, age, national origin) of the nurses and nurse aides seeking placement.  During these discussions, blacks were routinely referred to in negative terms, such as "ghetto."   These daily discussions about race, the openly discussed and accommodated preference for non-blacks, and the attendant offensive race-based comments and negative stereotyping of blacks created a working environment permeated with hostility towards blacks.

Plaintiffs Arnold, Trawick, and Goodman were each subjected to pernicious, offensive, and degrading race-based comments on a near daily basis throughout their respective employment at Accord, during the staffing meetings they attended and frequently throughout the workday.  Each of these plaintiffs protested Accord's illegal hiring practices and the racially offensive comments pervasive in Accord's workplace.  Shortly after Tracee Goodman protested Defendants' racially discriminatory placement practices, Accord stripped her HR responsibilities. Defendants terminated Erika Arnold in retaliation for her protests of Defendants' racially discriminatory practices and promptly replaced her with a Caucasian HR Manager.  Likewise, Defendants also terminated Debra Trawick in response to her

protests of Defendants' racially discriminatory practices.  As a result of its illegal hiring and placement practices, Defendants repeatedly refused to hire Christine Muchene, a qualified, experienced and licensed Nurse Aide, because of her race (black), national origin (Kenyan), and age (53).

## Legal Issues:

(1)     Whether Plaintiffs Arnold and Goodman each establish they were subject to a racially hostile work environment in violation of 42 U.S.C. § 1981;

(2)     Whether Plaintiffs Arnold and Trawick can establish that Defendants retaliated against them for engaging in protected activity in violation of 42 U.S.C. § 1981;

(3)     Whether Plaintiff Arnold can establish that Defendants discriminated against her because of her race in violation of Section 1981;

(4)     Whether Plaintiff Muchene can establish that Defendants discriminated against her because of her race in violation of Section 1981 and Title VII;

(5)     Whether Plaintiff Muchene can establish that Defendants discriminated against her because of her national origin in violation of Title VII;

(6)     Whether   Plaintiff   Muchene   can   establish   that   Defendants discriminated against her because of her age in violation of the ADEA;

(7)     To the extent that each Plaintiff prevails on any of her claims, whether and to what extent she has been damaged;

(8)     To the extent that each Plaintiff prevails on any of her claims, whether and to what extent she is entitled to punitive damages;

(9)     To the extent that each Plaintiff prevails on any of her claims, whether and to what extent she is entitled to reasonable attorney's fees and costs;

(2)     Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiffs contend are applicable to this action.

**Applicable statutes, to Plaintiffs' knowledge at this time, include:**

The Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended;

The Civil Rights Act of 1991;

The Civil Rights Act of 1991, 42 U.S.C. § 1981a (a)-(c);

42 U.S.C. § 1988 (Section 1981 liability for attorneys' fees);

42 U.S.C. § 1985(3);

The Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-34 (the "ADEA").

**Applicable cases include:**

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973);

*Texas Dept. of Comm. Affairs v. Burdine*, 450 U.S. 248 (1981);

*Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 134 (2000);

*Combs v. Plantation Patterns, Meadowcraft, Inc.*, 106 F.3d 1519, 1528 (11th Cir.1997);

*Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454 (1975);

*Albemarle Paper Co. v. Moody*, 422 U.S. 405, 419-22 (1975);

*Kolstad v. American Dental Ass'n*, 527 U.S. 526, 537-38 (1999);

*Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006);

*Watson v. Blue Circle, Inc.*, 324 F.3d 1252 (11th Cir. 2003);

*Freytes-Torres v. City of Sanford*, 270 Fed. App'x 885 (11th Cir. 2008);

*Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1280 (11th Cir. 2008);

*Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1280 (11th Cir. 2002).

**Plaintiffs note that this list of authority is not exclusive, and anticipates the need to rely upon additional authority as this litigation progresses.**

(3)     Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support

your claims or defenses, unless solely for impeachment, identifying the subjects of

the information. (Attach witness list to Initial Disclosures as Attachment A.)

**See Attachment A.**

(4)     Provide the name of any person who may be used at trial to present

evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all

experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report

satisfying the provisions of that rule. (Attach expert witness list and written reports

to Responses to Initial Disclosures as Attachment B.)

**Plaintiffs have not yet retained any witnesses that will be used at trial to**

**present evidence under the afore-described rules.  Plaintiffs reserve the right**

**to amend this response should they retain any such witnesses.**

(5)     Provide a copy of, or a description by category and location of, all

documents, data compilations, and tangible things in your possession, custody, or

control that you may use to support your claims or defenses unless solely for

impeachment, identifying the subjects of the information. (Attach document list

and descriptions to Initial Disclosures as Attachment C.)

**See Attachment C.**

(6)    In the space provided below, provide a computation of any category of

damages claimed by you. In addition, include a copy of, or describe by category

and location of, the documents or other evidentiary material, not privileged or

protected from disclosure, on which such computation is based, including materials

bearing on the nature and extent of injuries suffered, making such documents or

evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34.

(Attach any copies and descriptions to Initial Disclosures as Attachment D.)

Discovery has just begun, and Plaintiffs are therefore not able to provide precise

calculations of their damages.   Subject to these limitations, Plaintiffs seek the

following damages:

a.      Backpay.  Plaintiffs Arnold and Trawick seek backpay defined as

their total lost compensation (including salary, benefits, raises, bonuses, and any

other fringe benefits of their employment) beginning from the dates of their

respective unlawful terminations by Defendants and continuing through the date of

a jury verdict in Plaintiffs' favor, less any off-sets required by law.   Plaintiff

Muchene seeks backpay from the date that Defendants unlawfully refused to hire

her and continuing through the date of a jury verdict in Plaintiff's favor, less any

off-sets required by law.

b.      Frontpay.  Plaintiffs Trawick, Arnold, and Muchene seek front

pay defined as the continuation of their backpay beginning on the date of a jury

verdict in their favor and continuing for a period of three years, or more, as the Court may determine in its discretion.

c.     Compensatory damages. All Plaintiffs seek compensatory damages to compensate them for the emotional pain and suffering Defendants caused them, in amounts to be determined by the enlightened conscience of the jury.

d.     Punitive damages.  Plaintiffs seek punitive damages to punish Defendants for their unlawful conduct and deter them from such conduct in the future, in amounts to be determined by the enlightened conscience of the jury.

(7)     Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**All relevant insurance agreements are in Defendants' possession.**

(8)     Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs' cause of action and state the basis and extent of such interest.

**Not applicable.**

Submitted this 2nd day of May, 2011.

BUCKLEY & KLEIN, LLP

By: /s/Dena G. George
Dena G. George
GA Bar No. 297337
dggeorge@buckleyklein.com
Edward D. Buckley
GA Bar No. 092750
edbuckley@buckleyklein.com

1180 W. Peachtree Street, Suite 1100
Atlanta, GA  30309
T:  404-781-1100
F:  404-781-1101

COUNSEL FOR PLAINTIFFS

# ATTACHMENT A

Plaintiffs note that many other individuals may have information that is relevant to this case. Plaintiffs expect the identities of these individuals to come to light during the discovery period in this case.

Plaintiffs reserve the right to alter, add to, or amend this list of individuals as discovery in this matter progresses, either by amendment to these Initial Disclosures or through the identification of said individuals in depositions or responses to written discovery requests.

1. Plaintiff Arnold has knowledge of Defendants' working environment, Defendants' unlawful employment practices, Defendants' unlawful conduct toward her, and knowledge of her damages. Ms. Arnold should be contacted through counsel.

2. Plaintiff Goodman has knowledge of Defendants' working environment, Defendants' unlawful employment practices, Defendants' unlawful conduct toward her, and knowledge of her damages. Ms. Goodman should be contacted through counsel.

3. Plaintiff Trawick has knowledge of Defendants' working environment, Defendants' unlawful employment practices, Defendants' unlawful conduct toward her, and knowledge of her damages. Ms. Trawick should be contacted through counsel.

4. Plaintiff Muchene has knowledge of Defendants' unlawful employment practices, Defendants' unlawful conduct toward her, and knowledge of her damages. Ms. Muchene should be contacted through counsel.

5.  Kelly Shae, a former employee of Defendants, has knowledge of
    Defendants' working environment, Defendants' unlawful employment
    practices, and Defendants' unlawful conduct toward her.  Plaintiff will
    supplement to provide Ms. Shae's current contact information.

6.  Defendant Steven Adams has knowledge of Defendants' unlawful
    employment practices and unlawful actions towards the Plaintiffs.

7.  Defendant Kathy Adams has knowledge of Defendants' unlawful
    employment practices and unlawful actions towards the Plaintiffs.

8.  Freddy Allen.  Mr. Allen has knowledge of Defendants' unlawful
    employment practices and unlawful actions towards the Plaintiffs.  Freddy
    Allen is a current employee and business partner of Defendants and
    Defendants are in possession of his contact information.

## ATTACHMENT C

Plaintiffs note that many other documents are relevant to and/or discoverable in this case.  Plaintiffs expect these to come to light during the discovery period of this case.

Plaintiffs reserve the right to alter, add to, or amend this list of documents as discovery in this matter progresses, either by amendment to these Initial Disclosures or through the identification of said documents in depositions or responses to written discovery requests.

1. Documents received from the Equal Employment Opportunity Commission;

2. Defendants' position statements and other submissions to the EEOC;

3. Documents concerning damages;

4. Payroll records;

5. Defendants' employment application seeking the race of applicants.

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2011, I electronically filed Plaintiffs' Initial Disclosures with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

    John F. Wymer, III
    Katie Manley
    PAUL HASTINGS

                BUCKLEY & KLEIN, LLP

            By: /s/Dena G. George
                 Dena G. George
                 Georgia Bar No. 297337

                COUNSEL FOR PLAINTIFFS