IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ERIKA ARNOLD, et al., | |
| Plaintiffs, | CIVIL ACTION NO. |
| v. | 1:10-CV-2375-RLV-JFK |
| ACCORD SERVICES, LLC, et al., | |
| Defendants. | |

## NOTICE TO PARTIES

The time for conducting discovery in the above-styled case has expired. In anticipation of the filing of summary judgment motion(s), the court offers the parties the following guidelines:

1. Pursuant to Local Rule 56.1B., the party moving for summary judgment must include with the motion a **statement of material facts** to which the movant contends there is **no genuine issue** to be tried. Each fact must be numbered, and there must be only one sentence per number. A citation to the record must follow each numbered fact. No more than fifty (50) numbered facts will be considered except by leave of court. Also, statements in the form of issues, questions or legal conclusions (rather than material facts) will not be considered by the court.

2.	Pursuant to Local Rule 56.1B., the respondent to a summary judgment motion must include with the response brief a separate **response to the movant's statement of material facts**.  The respondent must admit or deny each of the movant's numbered facts.  If the respondent denies a numbered fact, a concise factual explanation, limited to a brief paragraph, supported by a citation to the record must be offered.  Responses in the form of issues, questions or legal conclusions (rather than facts) will not be considered by the court.

3.	Local Rule 56.1B. also provides that a respondent should include, if applicable, a statement of facts which is contended to be material and disputed.  This statement of facts must conform to the requirements set forth in paragraph 1 supra.  If such a statement of facts is included by respondent, Local Rule 56.1B. requires the movant to file a response to each of respondent's facts.  This response must conform to the requirements set forth in paragraph 2 supra.

4.	Because "[i]t should be the party's responsibility to direct the court's attention separately to each portion of the record which supports each of the party's distinct arguments," every factual statement made in the parties' briefs should be followed by a **citation to the record**.  Dickson v. Amoco Performance Products, Inc., 845 F. Supp. 1565, 1570 (N.D. Ga. 1994).  These citations should include specific page or paragraph

numbers, where appropriate. Citations should not be made to the parties' statement of material facts or response thereto.

5. **The court prefers that complete depositions be filed** with the court if deposition testimony is relied upon by a party in support of its motion or response. The reason for this request is that when only a portion of a deposition is filed, the context of the testimony is often obscured.

6. "All documents and other record materials relied upon by a party moving for or opposing a motion for summary shall be clearly identified for the court." L.R. 56.1C. **Exhibits, deposition excerpts and/or affidavits appended to the motion or response should be clearly delineated**.

This 30th day of November, 2011.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE