## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **ERIKA ARNOLD, DEBRA TRAWICK, TRACEE GOODMAN, AND CHRISTINE MUCHENE,** | ) ) ) ) ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION NO. 1:10-CV-02375-RLV-JFK** |
| | ) | |
| **v.** | ) ) | |
| **ACCORD SERVICES, LLC, STEVEN A. ADAMS AND KATAYOUN ("KATHY") ADAMS,** | ) ) ) ) | |
| **Defendants.** | ) ) | |

## JOINT MOTION FOR EXTENSION OF DISCOVERY DEADLINE

Plaintiffs Erika Arnold, Debra Trawick, Tracee Goodman, and Christine Muchene (collectively, "Plaintiffs") and Defendants Accord Services, LLC, Steven A. Adams, and Katayoun ("Kathy") Adams (collectively, "Defendants'), by and through their respective counsel, hereby move for a sixty (60) day extension of the deadline for discovery.  As reasons therefore, they state:

1.      The deadline for completion of discovery in this case is currently January 31, 2012.

2.     The Court held a discovery conference on December 9, 2011, to address the discovery issues outlined in the December 1, 2011 letter to the Court, a letter submitted jointly by the parties at the direction of the Court (attached as Exhibit A).

3.     The 60 day extension was sought by the parties to address the fact that that Accord's counsel had just learned of the existence of approximately 300,000 emails that had been preserved by Accord but had not yet been searched for responsive communications and documents. On November 28, 2011, the last day of the prior discovery period, Accord notified Plaintiffs' counsel that it had just become aware of the preserved, voluminous email data.  As explained by Accord in the December 1 letter to the Court, Accord had previously undertaken significant efforts to collect and preserve this email data on storage hard drives, and counsel for Accord had previously attempted to locate this email data on the hard drives, but Accord's IT assistant had maintained that no email data existed on the hard drives.  Following further discussion between counsel for the parties, Accord's counsel had its own IT Department search the hard drives for email data, which was then located, and the situation was relayed to Plaintiff's counsel.

4.     The parties requested, and the Court permitted, a 60 day discovery extension for the purpose of allowing Accord to search the email data, to allow

time for the production of responsive email communications and documents, and to provide Plaintiffs the opportunity to take any additional depositions reasonably necessary as a result of the delayed email production.

5.     Accord promptly contracted for a time-consuming and expensive search of the email data and has since produced the responsive documents. However, the search effort and review took an extended period of time due to the volume of data.  As such, Accord's production to Plaintiff's counsel was delayed despite the best efforts of Accord's counsel.

6. As a result of its search efforts, Accord has produced approximately 24, 530 documents, 23,089 of which were received by Plaintiff's counsel within the last 6 days, including 5,789 documents received by Plaintiff's counsel this morning.

7.     Under the circumstances, Plaintiff's counsel cannot adequately and fairly represent their clients without sufficient time to review the 24, 530 documents just received.  Plaintiff's will also be prejudiced if counsel is not permitted sufficient time to assess whether or not additional depositions will be required pursuant to the parties prior agreement regarding the belated production of the email data.

8.      Plaintiff's counsel has reviewed a sample of the documents produced and reasonably relieves additional depositions will be necessary to avoid prejudice to plaintiffs.

9.      A 60 day extension is required to allow Plaintiff's counsel sufficient time to review the 24,530 documents, and to schedule any depositions reasonably necessary as a result of the delayed production.

10.     In order that the parties may complete the discovery necessary for the resolution of this case, they respectfully request a sixty (60) day extension of discovery to and including Monday April 2, 2012.

WHEREFORE, the parties respectfully request that the Court grant their motion for a sixty (60) day extension of discovery.

Respectfully submitted this 31st day of January, 2012.

[*signatures on following page*]

By: *s/Dena G. George*
   Dena G. George
   Georgia Bar No. 297337
   dggeorge@buckleyklein.com
   Edward D. Buckley
   Georgia Bar No. 092750
   edbuckley@buckleyklein.com
   BUCKLEY & KLEIN, LLP
   1230 Peachtree Street, N.E.
   Promenade II, Suite 900
   Atlanta, Georgia  30309
   Telephone: (404) 781-1100
   Facsimile:  (404) 781-1101
   *Attorneys for Plaintiffs*

By: *s/John F. Wymer, III*
   John F. Wymer, III
   Georgia Bar No. 779418
   johnwymer@paulhastings.com
   N. Katie Manley
   Georgia Bar No. 183593
   katiemanley@paulhastings.com
   PAUL HASTINGS, LLP
   600 Peachtree Street, N.E.
   Suite 2400
   Atlanta, Georgia  30308
   Telephone:  (404) 815-2400
   Facsimile:  (404) 815-2424
   *Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **ERIKA ARNOLD, DEBRA, TRAWICK, TRACEE GOODMAN, AND CHRISTINE MUCHENE,** | ) ) ) ) ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION NO. 1:10-CV-02375-RLV-JFK** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ACCORD SERVICES, LLC, STEVEN A. ADAMS AND KATAYOUN ("KATHY") ADAMS,** | ) ) ) ) | |
| **Defendants.** | ) | |
| _____) | | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2012, I electronically filed the foregoing JOINT MOTION FOR EXTENSION OF DISCOVERY DEADLINE with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

John F. Wymer, III
N. Katie Manley
PAUL HASTINGS, LLP
600 Peachtree Street, N.E.
Suite 2400
Atlanta, Georgia  30308

*s/ Dena G. George*
Dena G. George, Esq.
Georgia Bar No. 297337